UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SEAN CROWTHER, <br><br> Plaintiff, <br><br> v. <br><br> WHOLE FOODS MARKET GROUP, INC., <br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. _____ <br> ) <br> ) <br> ) <br> ) |

## NOTICE OF REMOVAL OF CIVIL ACTION

NOW COMES defendant Whole Foods Market Group, Inc. ("Whole Foods"), and, pursuant to 28 U.S.C. §§1332, 1441 and 1446, hereby removes to this Court the above-entitled action based on the following grounds:

1.  Whole Foods is a defendant in a civil action brought against it in the New Haven Superior Court of the State of Connecticut styled as "*Sean Crowther v. Whole Foods Market Group, Inc.*, New Haven Superior Court, Docket No. NNH-CV16-6064582-S (the "State Court Action"). The Complaint (the "Complaint") in the State Court Action alleges that plaintiff Sean Crowther (the "Plaintiff") suffered certain personal injuries in an accident at Whole Foods' distribution center located in Cheshire, Connecticut.

2.  Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings and orders served upon Whole Foods are attached hereto at **Exhibit A**.

1

3. Whole Foods was served with the Complaint in the State Court Action on August 23, 2016. This Notice of Removal is filed within thirty (30) days after service of process. *See* 28 U.S.C. §1446(b).

4. In the Complaint, the Plaintiff alleges that he suffered the following injuries and damages as a result of the accident that is the subject of this case:

   a. "[A]n acute bimalleolar left ankle fracture; an infected hematoma and large bone cyst in the medial malleolus of the left ankle; a disputed prior operative wound with underlying hardware and chronic draining ulceration with arthropathy of the left ankle; bony cystic changes of the tibia, fibula and talus; left lower extremity swelling, joint effusion, pain erythema, gait abnormality, deformity, loss of function, with equinus contracture; exostosis, bone spur, bone bossing of the left lower extremity with soft tissue impingement; chronic osteomyelitis, deep and superficial infection, exposed hardware and nonunion refractory of the left lower extremity; tenosynovitis and synovitis of the left foot and ankle; the left lower extremity; mechanical complications of internal orthopaedic implants and medial talar deep titanium implants of the left lower extremity; left nonhealing ulcer of the lower limb greater than 4cm; chronic osteomyelitis of the left ankle and leg; late effect of the lower extremity fracture (intra-articular distal tibia and fibula fracture); mechanical complications of internal orthopaedic implant lateral left lower extremity with titanium plate and screw construct; left fibular bone cysts; left fibular exostosis; heel pain; plantar facsciitis....;" *id.* at ¶ 8;

   b. "[T]he plaintiff was obliged to expend considerable sums of money for hospital care, medical treatment, x-rays, physical therapy and medicines and may be obliged to expend further sums for same in the future for the injuries sustained;" *id.* at ¶ 9;

   c. "[T]he plaintiff was unable to work for a considerable period of time, lost substantial wages and his earning capacity was impaired and may be so impaired in the future;" *id.* at ¶ 10;

   d. "[T]he plaintiff's normal activities of life were impaired and may be so impaired in the future." *Id.* at ¶ 11.

As such, and upon information and belief, the amount in controversy in this action exceeds $75,000.

2

5.      The Plaintiff is a resident of the State of Connecticut. *See* Summons – Civil at **Exhibit A**. Defendant Whole Foods is a corporation formed under the laws of the State of Delaware with a principal place of business at 550 Bowie Street, Austin, Texas 78703. *See* printout from the Connecticut Secretary of State's website attached hereto at **Exhibit B**. As such, the Plaintiff and defendant Whole Foods are citizens of different states.

6.      This Court has original jurisdiction over this action under 28 U.S.C. §1332(a).

7.      Pursuant to 28 U.S.C. §1446(d), written notice of the filing of this Notice of Removal, together with a copy of the Notice of Removal, will be filed in the State Court Action. The Plaintiff will receive a copy of the notice filed in the State Court Action.

8.      On even date herewith, Whole Foods is filing: (i) the statement required by the Standing Order on Removed Cases of the United States District Court for the District of Connecticut (the "Standing Order"); (ii) the Notice of Pending Motions required by the Standing Order; and (iii) a notice of appearance of its counsel in accordance with Local Rule 5(b).

WHEREFORE, defendant Whole Foods prays that this action be removed from the New Haven Superior Court for the State of Connecticut to the United States District Court for the District of Connecticut, and requests that this Court assume full jurisdiction over the case herein as provided by law.

        Respectfully submitted,

        WHOLE FOODS MARKET GROUP, INC.

        By its attorneys,

        /s/ Bernard A. Pellegrino
        Bernard A. Pellegrino
        The Pellegrino Law Firm
        475 Whitney Ave.
        New Haven, CT  06511
        Ph. 203-787-2225
        FAX 203-787-0196
        bp@pellegrinolawfirm.com
        Federal Bar # ct03380

Dated: September 21, 2016

## CERTIFICATE OF SERVICE

    I, Bernard A. Pellegrino, Esq., counsel for defendant Whole Foods Market Group, Inc., herein, hereby certify that on September 21, 2016, I served a copy of this pleading upon the following by first class mail, postage pre-paid:

Christopher D. DePalma, Esq.
D'Elia Gillooly DePalma LLC
Granite Square
700 State Street
New Haven, CT  06511
*Counsel for plaintiff Sean Crowther*

        /s/ Bernard A. Pellegrino
        Bernard A. Pellegrino, Esq.

4

# EXHIBIT A

Case 3:16-cv-01595-AVC   Document 1   Filed 09/21/16   Page 5 of 17



| | |
|---|---|
| **TO:** Roberta Lang<br>Whole Foods Market, Inc.<br>550 Bowie St<br>Austin, TX 78703-4644 | **Service of Process Transmittal**<br>08/23/2016<br>CT Log Number 529727287 |

**RE:** **Process Served in Connecticut**

**FOR:** Whole Foods Market Group, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Sean Crowther, Pltf. vs. Whole Foods Market Group, Inc., Dft. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Attachment(s) |
| **COURT/AGENCY:** | New Haven at New Haven Superior Court Judicial District, CT<br>Case # NONE |
| **NATURE OF ACTION:** | Personal Injury - Failure to Maintain Premises in a Safe Condition - 12/09/2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Hartford, CT |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/23/2016 at 12:50 |
| **JURISDICTION SERVED :** | Connecticut |
| **APPEARANCE OR ANSWER DUE:** | On or before the second day after the return date 09/27/2016 |
| **ATTORNEY(S) / SENDER(S):** | Christopher D. Depalma<br>D'Elia Gillooly Depalma LLC<br>700 State Street<br>New Haven, CT 06511<br>203-891-5310 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/24/2016, Expected Purge Date: 08/29/2016<br><br>Image SOP<br><br>Email Notification, Email Process  SOP@WHOLEFOODS.COM<br><br>Email Notification, Roberta Lang  barbara.jenkins@wholefoods.com<br><br>Email Notification, Jennifer A. Boggs, J.D.  jennifer.boggs@wholefoods.com |
| **SIGNED:**<br>**ADDRESS:**<br>**TELEPHONE:** | C T Corporation System<br>One Corporate Center<br>Hartford, CT 06103-3220<br>860-724-9044 |

Page 1 of 1 / AJ

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 10-15<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13<br>See other side for instructions | STATE OF CONNECTICUT<br>SUPERIOR COURT<br>www.jud.ct.gov |
|---|---|

- ☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- ☐ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- ☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 235 Church Street, New Haven, CT 06510 | (203) 503-6822 | September 27, 2016 |

| ☒ Judicial District  ☐ G.A.<br>☐ Housing Session   Number: | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>New Haven | Case type code (See list on page 2)<br>Major: T   Minor: 90 |
|---|---|---|

For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>D'Elia Gillooly DePalma, LLC, Granite Square, 700 State Street, New Haven, CT 06511 | Juris number (to be entered by attorney only)<br>434576 |
|---|---|
| Telephone number (with area code)<br>(203) 891-5310 | Signature of Plaintiff (if self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes  ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>chris@dgdlawct.com |
|---|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | ☐ Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: CROWTHER, SEAN<br>Address: 46 Vanhorn Drve, East Haven, CT 06512 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: WHOLE FOODS MARKET GROUP, INC. Attn: Tax Dept, 550 Bowie Street, Austin, TX 78703<br>Address: c/o CT Corporation System, One Corporate Center, Hartford, CT | D-01 |
| Additional Defendant | Name:<br>Address: | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. YOU ARE BEING SUED. This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. The Clerk of Court is not allowed to give advice on legal questions.

| Signed (Sign and "X" proper box) | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Christopher D. DePalma, Esq. | Date signed<br>08/23/2016 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date
A TRUE COPY ATTEST

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

RETURN DATE: SEPTEMBER 27, 2016      SUPERIOR COURT

SEAN CROWTHER      JD OF NEW HAVEN

VS.      AT NEW HAVEN

WHOLE FOODS MARKET GROUP, INC.      AUGUST 23, 2016

## COMPLAINT

1. On December 9, 2014 the plaintiff, Sean Crowther, was in the course and scope of his employment with Hamilton Transportation and Staffing with a principal place of business located at 391 Broad Street, Meriden, Connecticut.

2. On December 9, 2014 the plaintiff was working for the defendant, Whole Foods Market Group, Inc., at their distribution center located at 400 East Johnson Avenue, Cheshire, Connecticut.

3. At said time and place the defendant was training the plaintiff on how to operate a powered industrial truck known as a Crown Equipment Corp. "End Control pallet truck" Model No. PE4500.

4. At said time and place the plaintiff was operating said powered industrial truck in the presence of the defendant's trainer in the area at the end of aisles 19 and 20.

5. At said time and place the defendant's trainer left the plaintiff alone to operate said powered industrial truck instructing him to continue operating said powered industrial truck and to practice turning said powered industrial truck outside the presence of the defendant's trainer.

6. At said time and place, while outside the presence of the defendant's trainer, the plaintiff continued to operate said powered industrial truck when he suddenly and without

caught his foot between the powered industrial truck and a storage rack thereby causing him to suffer the personal injures and loses as hereinafter set forth.

7. The plaintiff's injuries and losses were caused by the negligence and carelessness of the defendant, its agents, servants and/or employees in one or more of the following ways:

    a. In that the defendant failed to ensure that the plaintiff was competent to operate a powered industrial truck safely, as demonstrated by the successful completion of a training and evaluation course in the operation of said truck;

    b. In that the defendant caused, allowed and/or permitted the plaintiff, a trainee, to operate a powered industrial truck outside the direct supervision of persons who have the knowledge, training, and experience to train operators and evaluate their competence in the operation of said truck;

    c. In that the defendant caused, allowed and/or permitted the plaintiff, a trainee, to operate a powered industrial truck under circumstances in which such operation endangered the trainee or other employees;

    d. In that the defendant's powered industrial truck training of the plaintiff, a trainee, failed to consist of a reasonable combination of formal instruction (e.g., lecture, discussion, interactive computer learning, video tape, written material), practical training (demonstrations performed by the trainer and practical exercises performed by the trainee), and evaluation of the operator's performance in the workplace;

    e. In that the defendant's powered industrial truck training of the plaintiff, a trainee, was conducted by persons who failed to have the knowledge, training, and experience to train powered industrial truck operators and evaluate their competence;

    f. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in operating instructions, warnings, and precautions for the type of powered industrial truck that the plaintiff would be authorized to operate;

    g. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the differences between the powered industrial truck and an automobile;

    h. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the powered industrial truck's controls and instrumentation: where they are located, what they do, and how they work;

GRANITE SQUARE
NEW HAVEN, CT 06511
PHONE: (203) 691-5310  FAX: (203) 691-6948

i. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the steering and maneuvering of the powered industrial truck;

j. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in visibility issues (including restrictions due to loading) pertaining to the operation of the powered industrial truck;

k. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in operating limitations of powered industrial truck;

l. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the operation of the powered industrial truck in narrow aisles and other restricted places where the vehicle will be operated;

m. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in operation of the powered industrial truck in the unique or potentially hazardous environmental conditions in the defendant's workplace that could affect safe operation of the truck;

n. In that the defendant's trainer left his powered industrial truck unattended, without fully lowering the load engaging means, neutralizing the controls, shutting off the power, and setting the brakes of the truck;

o. In that the defendant failed to adequately train the plaintiff in the proper operation of said powered industrial truck;

p. In that the defendant failed to properly supervise the plaintiff's training in the use of said powered industrial truck;

q. In that the defendant failed to properly supervise the plaintiff's operation of said powered industrial truck;

r. In that the defendant failed to warn the plaintiff of the hazards associated with his operation of the powered industrial truck;

s. In that the defendant failed to ensure that the plaintiff was competent to operate a powered industrial truck safely, as demonstrated by the successful completion of the training and evaluation specified in this paragraph 1910.178(l), in violation of 29 CFR 1910.178(l)(1)(i) of the Occupational Safety & Health Act;

t. In that the defendant caused, allowed and/or permitted the plaintiff, a trainee, to operate a powered industrial truck outside the direct supervision of persons who have the knowledge, training, and experience to train operators and evaluate their competence in violation of 29 CFR 1910.178(l)(2)(i)(A) of the Occupational Safety & Health Act;

u. In that the defendant caused, allowed and/or permitted the plaintiff, a trainee, to operate a powered industrial truck under circumstances in which such operation endangered the trainee or other employees in violation of 29 CFR 1910.178(l)(2)(i)(B) of the Occupational Safety & Health Act;

v. In that the defendant's powered industrial truck training of the plaintiff, a trainee, failed to consist of a reasonable combination of formal instruction (e.g., lecture, discussion, interactive computer learning, video tape, written material), practical training (demonstrations performed by the trainer and practical exercises performed by the trainee), and evaluation of the operator's performance in the workplace in violation of 29 CFR 1910.178(l)(2)(ii) of the Occupational Safety & Health Act;

w. In that the defendant's powered industrial truck training of the plaintiff, a trainee, was conducted by persons who failed to have the knowledge, training, and experience to train powered industrial truck operators and evaluate their competence in violation of 29 CFR 1910.178(l)(2)(iii) of the Occupational Safety & Health Act;

x. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in operating instructions, warnings, and precautions for the type of powered industrial truck that the plaintiff would be authorized to operate in violation of 29 CFR 1910.178(l)(3)(i)(A) of the Occupational Safety & Health Act;

y. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the differences between the powered industrial truck and an automobile in violation of 29 CFR 1910.178(l)(3)(i)(B) of the Occupational Safety & Health Act;

z. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the powered industrial truck's controls and instrumentation: where they are located, what they do, and how they work in violation of 29 CFR 1910.178(l)(3)(i)(C) of the Occupational Safety & Health Act;

aa. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the steering and maneuvering of the powered industrial truck in violation of 29 CFR 1910.178(l)(3)(i)(E) of the Occupational Safety & Health Act;

bb. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in visibility issues (including restrictions due to loading) pertaining to the operation of the powered industrial truck in violation of 29 CFR 1910.178(l)(3)(i)(F) of the Occupational Safety & Health Act;

4

cc. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in operating limitations of powered industrial truck in violation of 29 CFR 1910.178(l)(3)(i)(L) of the Occupational Safety & Health Act;

dd. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in the operation of the powered industrial truck in narrow aisles and other restricted places where the vehicle will be operated in violation of 29 CFR 1910.178(l)(3)(ii)(E) of the Occupational Safety & Health Act;

ee. In that the defendant's training of the plaintiff, a trainee, failed to train the plaintiff in operation of the powered industrial truck in the unique or potentially hazardous environmental conditions in the defendant's workplace that could affect safe operation of the truck in violation of 29 CFR 1910.178(l)(3)(ii)(I) of the Occupational Safety & Health Act;

ff. In that the defendant's trainer left his powered industrial truck unattended, without fully lowering the load engaging means, neutralizing the controls, shutting off the power, and setting the brakes of the truck in violation of 29 CFR 1910.178(m)(5)(i) of the Occupational Safety & Health Act.

8. As a result of the negligence and carelessness of the defendant its agents, servants and/or employees as aforesaid, the plaintiff sustained an acute bimalleolar left ankle fracture; an infected hematoma and large bone cyst in the medial malleolus of the left ankle; a disputed prior operative wound with underlying hardware and chronic draining ulceration with arthropathy of the left ankle; bony cystic changes of the tibia, fibula and talus; left lower extremity swelling, joint effusion, pain, erythema, gait abnormality, deformity, loss of function, with equinus contracture; exostosis, bone spur, bone bossing of the left lower extremity with soft tissue impingement; chronic osteomyelitis, deep and superficial infection, exposed hardware and nonunion refractory of the left lower extremity; tenosynovitis and synovitis of the left foot and ankle; the left lower extremity; mechanical complications of internal orthopaedic implants and medial talar deep titanium implants of the left lower extremity; left nonhealing ulcer of the lower limb greater than 4cm; chronic osteomyelitis of the left ankle and leg; late effect of the lower extremity fracture (intra-articular distal tibia and fibula fracture); mechanical complications of internal orthopaedic

5

implant lateral-left lower extremity with titanium plate and screw construct; left fibular bone cysts; left fibular exostosis; heel pain; plantar fasciitis from which injuries or the effects thereof, the plaintiff sustained considerable pain and suffering. Said injuries are or may be permanent in nature.

9. As a result of the negligence and carelessness of the defendant its agents, servants and/or employees as aforesaid, the plaintiff was obliged to expend considerable sums of money for hospital care, medical treatment, x-rays, physical therapy and medicines, and may be obliged to expend further sums for same in the future for the injuries sustained.

10. As a result of the negligence and carelessness of the defendant its agents, servants and/or employees as aforesaid, the plaintiff was unable to work for a considerable period of time, lost substantial wages and his earning capacity was impaired and may be so impaired in the future.

11. As a result of the negligence and carelessness of the defendant its agents, servants and/or employees as aforesaid, the plaintiff's normal activities of life were impaired and may be so impaired in the future.

GRANITE SQUARE
NEW HAVEN, CT 06511
PHONE: (203) 891-5310 FAX: (203) 891-6948

Wherefore, the plaintiff claims:

1. Money damages.

THE PLAINTIFF

[signature]

CHRISTOPHER D. DEPALMA
D'ELIA GILLOOLY DEPALMA LLC
Granite Square
700 State Street
New Haven, CT 06511
(203) 891-5310

A TRUE ATTEST

[signature]
_____VICZ
CONNE_____ ...IARSHAL
IN DI......  ..RSON

RETURN DATE: SEPTEMBER 27, 2016      SUPERIOR COURT

SEAN CROWTHER      JD OF NEW HAVEN

VS.      AT NEW HAVEN

WHOLE FOODS MARKET GROUP, INC.      AUGUST 23, 2016

## STATEMENT IN DEMAND

The plaintiff is seeking an amount in excess of FIFTEEN THOUSAND ($15,000.00) DOLLARS, exclusive of interest and costs.

THE PLAINTIFF

_____
CHRISTOPHER D. DEPALMA
D'ELIA GILLOOLY DEPALMA LLC
700 State Street
New Haven CT 06511
203-891-5310

A TRUE ATTEST

_____
...WICZ
CONNEC... ...ARSHAL
IN DI... ...RSON

8

# EXHIBIT B

## Business Inquiry

### Business Details

| | |
|---|---|
| Business Name: | WHOLE FOODS MARKET GROUP, INC. |
| Business ID: | 0507085 |
| Business Address: | ATTN: TAX DEPT, 550 BOWIE ST, AUSTIN, TX, 78703 |
| Mailing Address: | ATTN: LICENSING, 550 BOWIE STREET, AUSTIN, TX, 78703 |
| Date Inc/Registration: | Jan 23, 1995 |
| Commence Business Date: | Mar 03, 1995 |
| Citizenship/State Inc: | Foreign/DE |
| Last Report Filed Year: | 2016 |
| Business Type: | Stock |
| Business Status: | Active |

### Principals Details

| Name/Title | Business Address | Residence Address |
|---|---|---|
| PATRICIA D. YOST  ASSISTANT SECRETARY | 550 BOWIE STREET, AUSTIN, TX, 78703 | 1900 FRAZIER AVE, AUSTIN, TX, 78704 |
| ALBERT E. PERCIVAL  SECRETARY | 550 BOWIE ST., AUSTIN, TX, 78703 | 550 BOWIE ST, AUSTIN, TX, 78703 |
| ROBERTA LANG  DIRECTOR, PRESIDENT, VICE PRES., & TREAS | 550 BOWIE ST, AUSTIN, TX, 78703 | 550 BOWIE ST, AUSTIN, TX, 78703 |

IMPORTANT: There are more principals for this business that are not shown here.

[ View All Principals(4) ]

### Agent Summary

| | |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Agent Business Address | ONE CORPORATE CENTER, HARTFORD, CT, 06103-3220 |
| Agent Residence Address | NONE |